**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEAN ALBERT NEMBHARD,<br>Petitioner,<br>v.<br>JAMES JANECKA, et al.,<br>Respondents. | Case No. EDCV 26-5415 PVC<br><br>**MEMORANDUM DECISION AND ORDER GRANTING PETITION AND IMMEDIATE RELEASE** |

Petitioner Dean Albert Nembhard ("Petitioner"), filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), against Respondents James Janecka, Warden of Adelanto ICE Processing Center; Thomas Giles, ICE Enforcement and Removal Operations, Los Angeles Field Office Director; David Venturella, Acting Director of United States Immigration and Customs Enforcement; Markwayne Mullin, Secretary of United States Department of Homeland Security; and Todd Blanche, Attorney General of the United States on September 17, 2026. (Pet., Dkt. No. 1). The Petition states that Petitioner, a Citizen of Belize, has been in immigration custody since July 18, 2026, when he

voluntarily appeared for a routine ICE check-in. (*Id.* at 3).[1] Petitioner is currently detained at the Adelanto ICE Processing Facility in Adelanto, California. (*Id*. at 2). Petitioner alleges that his arrest without notice and a hearing and his continued detention violate the Due Process Clause of the Fifth Amendment, 5 U.S.C. § 706(2)(A), (D), and 8 C.F.R. § 212.5(e)(2)(i). (*Id.* at 16–18). The Petition seeks relief in the form of an order requiring that Respondents immediately release Petitioner and return all of his personal property; prohibiting Respondents from re-arresting Petitioner without first providing him a prompt custody hearing before a neutral decisionmaker at which the government bears the burden of proving by clear and convincing evidence that Petitioner is a flight risk or a danger to the community, considering alternatives to detention and Petitioner's financial ability to pay a bond; and awarding Petitioner his costs and reasonable attorney's fees as provided for by the Equal Access to Justice Act, 28 U.S.C. § 2412. (*Id.* at 19).

Despite General Order 26-05 (Dkt. No. 5), which directs Respondents to "show cause why the writ of habeas corpus should not be granted," Respondents have failed to appear, failed to answer to the Petition, and have otherwise ignored Court orders. Indeed, the undersigned Magistrate Judge issued an Order to Show Cause why the writ of habeas corpus should not be granted, and ordered Respondents to show cause in writing, no later than October 5, 2026, warning that "failure to respond to this order may be treated as a concession that Petitioner is entitled to the relief sought.." (Dkt. No. 8 at 2). The deadline has come and passed and still no response from Respondents.

[1] For ease of reference, when referring to the filings, the Court uses page numbers generated by CM/ECF. These numbers are printed in a blue ribbon at the top of each page filed on the docket.

Local Rule 7-12 provides that "[t]he failure to file any required document … may be deemed consent to the granting or denial of the motion[.]" The Court deems Respondents' failure to file an Answer to the Petition in this case – despite having notice of his obligation to do so and an opportunity to be heard in opposition to the Petition – to be his consent to granting the relief sought in that pleading.

In light of Respondents' concession, Petitioner is entitled to the relief sought.

IT IS THEREFORE ORDERED that

(1) The Petition for Writ of Habeas Corpus is GRANTED.

(2) Respondents are ordered to immediately release Petitioner **Dean Albert Nembhard (Petitioner's A-number is not found in any document filed with this Court or on the ICE Detainee Locator website, which states that Petitioner is in ICE custody at Desert View Facility in Adelanto, California)**;

(3) Respondents are ordered to return all of Petitioner's personal property confiscated during the arrest;

(4) Respondents are ENJOINED from re-detaining Petitioner without first providing him a prompt custody hearing before a neutral decisionmaker at which the government bears the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or a danger to the community, considering alternatives to detention and Petitioner's financial ability to pay a bond

(5) Respondents shall file within two days of the date of the Court's Order, a status report confirming Petitioner's release; and

(6) Any fee motion must be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412, and this Court's Local Rules; the Court retains jurisdiction to adjudicate any such motion or other collateral enforcement issues.

DATED: October 13, 2026

PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE